UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. _____

DESIREE DEMAIO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AEROGROW INTERNATIONAL, INC.,

Defendant.

## NOTICE OF REMOVAL

Defendant Aerogrow International, Inc. ("Aerogrow"), removes this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a) and (b), 1446, and 1453, because this is a putative class action with (1) minimal diversity, (2) an amount in controversy of more than $5,000,000, and (3) more than 100 putative class members. In support of this Notice of Removal, Aerogrow states as follows:

**Background**

1. Plaintiff Desiree Demaio ("Plaintiff") filed this civil action against Aerogrow on April 25, 2024, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-24-005722 ("State Court Action"). That case is titled: *Desiree Demaio, individually and on behalf of all others similarly situated*, *vs. Aerogrow International, Inc. See generally* Exhibit 1.

2. The Class Action Complaint was served on Aerogrow on May 6, 2024, making the deadline for removal June 5, 2024. *See* 28 U.S.C. § 1446(b)(1).

3. The State Court Action alleges a putative class action against Aerogrow on behalf of Plaintiff herself and a proposed class. Plaintiff alleges that Aerogrow sent text messages to Plaintiff and putative members of Plaintiff's proposed class, in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(8)(b). Compl. ¶¶ 24-25, 32-37.

4. Specifically, Plaintiff alleges that all text messages sent by a SMS Short Code (i.e., 42174) violate the FTSA caller identification rules because such a Short Code cannot receive voice telephone calls. Compl. ¶¶ 17-22.

5. Plaintiff defines the Class as:

> All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when [Aerogrow] Text Messages Sales Calls were made to them since July 1, 2021.

Compl. ¶ 25.

6. According to Plaintiff, "the proposed class exceeds 100 members." Compl. ¶ 26.

7. Plaintiff asserts there are "[c]ommon material questions of fact and law" that are common to all members of the putative class. Compl. ¶ 27.

8. Plaintiff seeks $500 in "liquidated damages" for each violation. Compl. ¶ 35.

9. Plaintiff seeks attorney's fees and costs. Compl. at 11, ¶ H.

10. Plaintiff also seeks an injunction "requiring [Aerogrow] to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Aerogrow Text Message Sales Calls." Compl. at 11, ¶ E.

**Grounds for Removal**

11. Aerogrow has satisfied the procedural requisites for removal. The Complaint was served upon Aerogrow on May 6, 2024, and this Notice of Removal is timely filed before the June 5, 2024, deadline. *See* 28 U.S.C. § 1446(b)(1).

12. Venue is proper in this Court because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, is in the Southern District of Florida, Fort Lauderdale Division. *See* 28 U.S.C. § 1441(a) (a state-filed civil action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

13. As required by 28 U.S.C. § 1446(a) and Local Rule 7.2, Aerogrow has attached a copy of all process, pleadings, motions, and orders served upon Aerogrow and copies of each paper docketed in the State Court Action, as well as a copy of the docket at the time of removal. *See* Exhibit 1 (Complaint); Exhibit 2 (Civil Cover Sheet); Exhibit 3 (eSummons Issuance); Exhibit 4 (Notice of Appearance); Exhibit 5 (Docket Sheet).

14. Under CAFA, this Court has original jurisdiction "over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)–(6).

**A. Minimal Diversity Exists.**

15. Aerogrow is a citizen of Nevada and Ohio. Aerogrow is a citizen of Nevada because it is a corporation organized under the laws of Nevada. 28 U.S.C. §1332(c)(1). Aerogrow is a citizen of Ohio because it has is principal place of business in Marysville, Ohio. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("We conclude that 'principal place of business' is best read

as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters.").

16. Plaintiff alleges she is a citizen of Florida. Compl. ¶ 14. And the putative class members are also alleged to be citizens of Florida. Compl. ¶ 25.

17. Because Plaintiff and other putative class members are citizens of a state other than Nevada or Ohio, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**B. The Class Claims Place More Than $5 Million In Controversy.**

18. There is "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

19. For purposes of CAFA, this Court will "aggregate the claims of individual class members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014).

20. Here, the Complaint alleges that Plaintiffs are entitled to $500 for each violation of the FTSA's caller identification rules since July 1, 2021. Compl. ¶¶ 25, 35.

21. Since July 1, 2021, the beginning of the alleged class period, Aerogrow has sent at least one text message using a Short Code to over 10,400 telephone numbers with a Florida area code and over 1,000,000 text messages to telephone numbers with a Florida area code. Exhibit 6 (Declaration of Andrew Sega).

22. The FTSA states it is a rebuttable presumption that telephonic sales calls made to any Florida area code is made to a Florida resident. Fla. Stat. § 501.05(8)(d).

23. Applying a $500 penalty for each text sent during the class period totals $500,000,000 statutory penalties, which exceeds the $5,000,000 "in controversy" threshold. Applying a $500 penalty for each person who was sent a text message totals $5,200,000, which exceeds the $5,000,00 "in controversy" threshold.

24. Plaintiff also seeks attorneys' fees and costs, which are recoverable under the FTSA, and thus increase the amount "in controversy." Fla. Stat. § 501.059(11).

**C. There Are More Than 100 Putative Class Members.**

25. Plaintiff alleges there are more than 100 putative class members. Compl. ¶ 26.

26. Aerogrow states that it sent text messages using a Short Code to more than 10,000 telephone numbers with Florida area codes.

27. Because the Plaintiff and Aerogrow agree that there are more than 100 putative class members, this case satisfies CAFA's requirement for minimum number of class members. *See* 28 U.S.C. § 1332(d)(5)(B).

## RESERVATION OF RIGHTS

28. Aerogrow makes no admission, express or implied, by filing this Notice of Removal. Aerogrow reserves all defenses.

Dated: June 3, 2024                                          Respectfully submitted,

                                                                          By:   */s/ Christian H. Tiblier*

Christian Tiblier
Florida Bar No. 125886
BAKER & HOSTETLER LLP
200 S. Orange Ave., Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
ctiblier@bakerlaw.com

*Attorney for Defendant Aerogrow International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished this June 3, 2024, via electronic mail and first-class U.S. mail upon the following:

Joshua A Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
*Attorneys for the Plaintiff*

By: */s/ Christian H. Tiblier*
Christian Tiblier
*Attorney for Defendant Aerogrow International, Inc.*

4873-3410-1953.4